**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
blukitsch@bakerlaw.com
Kamran B. Ahmadian (SBN 314566)
kahmadian@bakerlaw.com
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:   310-820-8800
Facsimile:    310-820-8859

*Attorneys for Defendant*
CULLIGAN INTERNATIONAL COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CULLIGAN INTERNATIONAL COMPANY, a Delaware corporation, d/b/a WWW.CULLIGAN.COM,<br><br>Defendants. | Case No.: **'25CV225  AJB  KSC**<br><br>*[San Diego County Superior Court Case No. 24CU029212C]*<br><br>**DEFENDANT CULLIGAN INTERNATIONAL COMPANY'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>*[Filed concurrently with Civil Case Cover Sheet; and Corporate Disclosure Statement]*<br><br>Action Filed:  December 18, 2024 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Culligan International Company ("Defendant" or "Culligan"), by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of San Diego (the "State Court") to this Court on the grounds that this Court has original jurisdiction of this action pursuant to the Class Action Fairness Act (28 U.S.C. § 1332(d)(2)) and on all other grounds for jurisdiction to the extent applicable. In support of this Notice of Removal, and in accordance with 28 U.S.C. §§ 1332, 1441 and 1446, Defendant avers as follows:

## STATUS OF THE PLEADINGS AND PROCESS

1. On December 18, 2024, Plaintiff Rebeka Rodriguez ("Plaintiff") filed a civil action in the Superior Court of the State of California in and for the County of San Diego, entitled *Rebeka Rodriguez v. Culligan International Company*, Case No. 24CU029212C (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and all additional process, pleadings, and orders served upon Defendant are attached to this Notice of Removal as **Exhibit "A"**.

3. Plaintiff's Complaint brings a single cause of action against Defendant for violations of the California Trap and Trace Law, Cal Penal Code § 638.51. *See* Compl., ¶¶ 35-43. Plaintiff purports to bring this as a class action on behalf of herself and… "[a]ll California residents who visited Defendant's website while physically in California and whose personal information was shared with TikTok or other third parties by Defendant without effective and informed prior consent." *Id.*, ¶ 29.

4. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because it was filed within 30 days of receipt of a copy of the Summons and Complaint in the State Court Action.

\\

## JURISDICTION AND VENUE

5. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446, because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

6. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Specifically, the United States District Court for the Southern District of California embraces San Diego County, California, which is the location of the state court in which Plaintiff brought this case and where it is pending. Thus, this Court is the proper district court to which this case has been removed. 28 U.S.C. §§ 1441(b) and 1446(a).

## CAFA JURISDICTION

7. <u>Basis of Original Jurisdiction</u>. This Court has original jurisdiction of this action under CAFA, 28 U.S.C. § 1332(d)(2) and (4), which provides that a district court shall have original jurisdiction of a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million. 28 U.S.C § 1332(d)(2) further provides that any member of the putative class must be a citizen of a state different from any defendant.

8. In removing an action to federal court under CAFA, a defendant is not required to submit evidence that the jurisdictional elements are satisfied. To the contrary, a "defendant's notice of removal need include only a plausible allegation" that the CAFA requirements are satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83, (2014).

9. As set forth below, pursuant to 28 U.S.C. § 1441(a), Defendant may remove the State Court Action to federal court under CAFA because: (i) the amount in controversy, in the aggregate, exceeds the sum or value of $5 million, exclusive of interest and costs; (ii) this putative class action involves more than one hundred (100)

putative class plaintiffs; and (iii) members of the putative class are citizens of a state different from Defendant.

### DIVERSITY OF CITIZENSHIP

10. <u>Plaintiff's Citizenship</u>. As alleged in the Complaint, Plaintiff is a resident and citizen of California. *See* Compl. ¶ 3. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F. 3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

11. <u>Defendant's Citizenship</u>. For purposes of diversity, the citizenship of a corporation is the state where the corporation is incorporated, and the state in which the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009). Defendant is a Delaware corporation with a principal place of business at 9399 W. Higgins Road, Suite 2200, Rosemont, Illinois 60018. Thus, for purposes of CAFA, Defendant, as a corporation, is a citizen of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

12. <u>Minimal Diversity</u>. CAFA requires only minimal diversity, which exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Minimal diversity of citizenship is established here, because Plaintiff (who is a member of the putative class) is a citizen of the State of California, and Defendant is a citizen of Delaware and Illinois. 28 U.S.C. § 1332(d)(2)(A).

13. <u>Size of the Putative Class</u>. CAFA requires that the class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). This requirement is met here. Plaintiff seeks to represent a class of "[a]ll California residents who visited Defendant's website while physically in California and whose personal information was shared with TikTok or other third parties by Defendant without effective and

informed prior consent." Compl. ¶ 29. Plaintiff alleges she "does not know the number of Class Members but believes the number to be at least 50." Compl. ¶ 19. While Defendant disputes that the existence of TikTok code on Defendant's website needs consumer "consent" or arises to a violation of the CIPA, given that Defendant has 28 store locations across the state of California, the total number of visits from California residents to Defendant's website, during the relevant time period, between December 18, 2023 and December 18, 2024, likely exceeds 1,000 individuals.

## AMOUNT IN CONTROVERSY UNDER CAFA

14. Defendant avers, based on the following calculations, that the amount in controversy exceeds $5,000,000.00 for the purpose of establishing subject matter jurisdiction under CAFA. Defendant's allegations and calculations are not admissions of liability or damages with respect to any aspect of this case, to the proper legal test(s) applicable to Plaintiff's allegations, or whether a class action is proper. *See LaCrosse v. Knight Truck and Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015) ("'Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and trial.'") (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015)).

15. Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement, which in CAFA actions is $5,000,000.00 in the aggregate. *See, e.g.*, *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002). In a Notice of Removal, a defendant need only allege that it is more likely than not that the amount in controversy exceeds $5,000,000.00. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Moreover, the ultimate inquiry depends on what amount is "put in controversy" by the plaintiff—not what a defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (Adler, J.).

\\

16. Plaintiff's putative class action alleges that Defendant violated the California Invasion of Privacy Act ("CIPA"), specifically California Penal Code § 638.51. Plaintiff's prayer for relief seeks, among other things, an award of statutory damages pursuant to CIPA, reasonable attorneys' fees and costs, and all other relief the Court deems just and proper as a matter of law or equity. (*See* Compl., Prayer for Relief). Under CIPA, any person "who has been injured by [violations of Cal. Penal Code section 638.51] may bring an action" seeking $5,000 in statutory damages. *See* Cal Penal Code § 637.2.

17. While Plaintiff alleges that she "does not know" the size of the putative class, *see* Compl., ¶ 30, as discussed above, the total number of California residents who visited Defendant's website, during the relevant time period—between December 18, 2023 and December 18, 2024—plausibly exceeds 1,000 individuals. Assuming these 1,000 putative class members were each entitled to an award of $5,000 in statutory damages, the statutory penalties alone could plausibly exceed $5,000,000.00. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("the amount in controversy is not a prospective assessment of a defendant's liability" but the amount potentially "at stake.").

18. As described above, the class-wide amount in controversy, even exclusive of attorneys' fees, is conservatively estimated to be in excess of $5,000,000.00.

## **NO CAFA EXCEPTIONS APPLY**

19. CAFA contains a number of exceptions to its grant of original jurisdiction, *see* 28 U.S.C. §§ 1332(d)(3)-(5), but none of these exceptions are applicable here.

20. The first is a discretionary exception based on the number of putative class members found in the state where the action was filed. *See* 28 U.S.C. § 1332(d)(3). However, the exception ***only*** applies where the "primary defendants are citizens of the State in which the action was originally filed." *See id.* Here, the action

was originally filed in the San Diego Superior Court of the State of California and, as noted above, Defendant is not a citizen of California. Thus, this exception does not apply.

21. Similarly, 28 U.S.C. § 1332(d)(4) contains two further exceptions to CAFA's grant of original jurisdiction based on the number of putative class members in the state in which the action was filed (including the so-called "local controversy exception"). However, these exceptions also apply *only* where all primary Defendants, or at least one defendant, is a "citizen of the State in which the action was originally filed." *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(II), 1332(d)(4)(B). Given that this action was originally filed in California, and Defendant is not a citizen of California, these exceptions also do not apply.

22. Finally, 28 U.S.C. § 1332(d)(5) presents two additional exceptions applicable to actions where defendants are states, state officials, or governmental entities, or in which the putative class contains less than 100 members in the aggregate. *See* 28 U.S.C. § 1332(d)(5)(A)-(B). Given that Defendant is not a state, state official, or governmental entity, and the above-described data establishes that the putative class in fact *exceeds* 100 members, these exceptions also do not apply.

## NOTICE TO PLAINTIFF AND STATE COURT

23. As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of San Diego.

\\
\\
\\
\\
\\
\\

|   |   |
|---|---|
| Dated: January 30, 2025 | Respectfully submitted,<br><br>**BAKER & HOSTETLER LLP**<br><br>By: _____<br>Bethany G. Lukitsch, Esq.<br>Kamran B. Ahmadian, Esq.<br><br>*Attorneys for Defendant*<br>CULLIGAN INTERNATIONAL COMPANY |